IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  05-CV-00452-RPM-OES

TRUSTEES OF THE COLORADO LABORERS' HEALTH AND WELFARE TRUST FUND, TRUSTEES OF THE COLORADO CEMENT MASONS' PENSION TRUST FUND, and TRUSTEES OF THE COLORADO CEMENT MASONS' JOINT APPRENTICESHIP TRUST FUND,

Plaintiffs,

v.

RONALD REDWINE, an individual, and
RONALD REDWINE d/b/a MASTER FLOORS, an unincorporated entity,

Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

ENTERED BY U.S. MAGISTRATE JUDGE O. EDWARD SCHLATTER

This matter is before me upon Plaintiffs' Motion for Default Judgment with attached affidavits and exhibits filed on June 6, 2005 and Offer of Proof in Support of Request for Injunctive Relief ("Offer of Proof") with attached affidavit filed on July 1, 2005.  I respectfully recommend that Plaintiffs' Motion for Default Judgment be granted with respect to the requested injunctive relief as follows:

PRODEDURAL HISTORY

1.  Plaintiffs, the Trustees of the Colorado Laborers' Health and Welfare Trust Fund, Trustees of the Colorado Cement Masons' Pension Trust Fund and Trustees of the Colorado Cement Masons' Joint Apprenticeship Trust Fund (collectively the "Trustees"), filed their Complaint against Defendants on March 11, 2005.

2. Defendants Ronald Redwine ("Redwine") and Ronald Redwine d/b/a Master Floors ("Master Floors") (collectively "Defendants") were served with copies of the Summons and Complaint on March 19, 2005.

3. The original returns of service were filed with the Court on March 24, 2005.

4. The deadline for Defendants' response to the Complaint was April 8, 2005.

5. Since the time that Defendants were served, Defendants have failed to answer or otherwise respond to the Complaint.

6. The Clerk of the Court entered default on June 3, 2005.

FINDINGS AND CONCLUSIONS

7. Redwine executed the Cement Masons' 1998-2001 Building Construction Agreement for the Operative Plasterers and Cement Masons Local Union #577 ("CBA") on behalf of Master Floors.  Offer of Proof at ¶ 3; Affidavit of Sandra G. Brown ("Brown Aff.") at ¶ 7.

8. Pursuant to the CBA, Defendants agreed to contribute to the Colorado Laborers' Health and Welfare Trust Fund, Colorado Cement Masons' Pension Trust Fund and Colorado Cement Masons' Joint Apprenticeship Trust Fund (collectively the "Funds") and agreed to abide by the terms and conditions of the applicable Trust Agreements, which are incorporated into the CBA by reference.  Offer of Proof at ¶ 4; Brown Aff. at ¶ 8.

9. Pursuant to the CBA, Defendants agreed to pay certain fringe benefit contributions to the Funds for each hour worked by each of Defendants' employees who performed work of the type covered by the CBA.  Offer of Proof at ¶ 5; Brown Aff. at

¶ 9.

10. The Trust Agreements required Defendants to submit a report to the Trustees, setting forth the number of hours of covered employment performed by all employees and the amount of contributions due to the Trustees as a result of such employment. Offer of Proof at ¶ 6; Brown Aff. at ¶ 10.

11. The Trust Agreements required Defendants to submit payments to the Trustees for all of the contributions due with each monthly report. Offer of Proof at ¶ 7; Brown Aff. at ¶ 11.

12. For the period of time from October 2000 through the present, Defendants failed to submit any reports or payments for fringe benefit contributions to the Trustees. Offer of Proof at ¶ 8; Brown Aff. at ¶ 13.

13. Pursuant to the Trust Agreements, Defendants must allow the Trustees, during regular business hours, to audit their books and records to determine all amounts due for fringe benefit contributions. Offer of Proof at ¶ 9; Brown Aff. at ¶ 12.

14. Despite many repeated, unsuccessful attempts to contact Defendants, the Trustees have not been able to review Defendants' books and records for an audit. Offer of Proof at ¶ 10; Brown Aff. at ¶ 14.

15. ERISA requires that "every employer shall . . . maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." 29 U.S.C. § 1059(a)(1).

16. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), allows the fiduciaries of an employee benefit plan, such as the Trustees, to seek an injunction

against any act or practice that violates the terms of the employee benefit plan.

Accordingly, I respectfully recommend that, pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), the Court enter a mandatory injunction requiring Defendants to produce the following documents to the Trustees, c/o CompuSys of Colorado, Inc., 2821 South Parker Road, Suite 1005, Aurora, Colorado 80014, on or before July 20, 2005, to allow the Trustees to conduct an audit to determine all amounts due for fringe benefit contributions for the period of time from October 2000 through the present:

    a.    All payroll records, including employee time cards, copies of all pay checks issued to employees and copies of all other checks evidencing payments to employees;

    b.    All cash disbursement journals or ledgers; and

    c.    All State of Colorado Unemployment Insurance Contribution Reports.

I further recommend that, once the audit is completed, the Court allow the Trustees to provide the Court with additional affidavits concerning the amount of damages, interest, and attorneys' fees and costs.

Dated this 1ST day of July, 2005.

                              BY THE COURT:

                              s/ O. Edward Schlatter

                              _____
                              O. Edward Schlatter
                              United States Magistrate Judge